USDC SDNY
DOCUMENT ELECTRONICALLY
FILED
DOC#: _____
DATE FILED: ___7/25/2017___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:,                                        :
                                               :
                                               :
BOZEL S.A., *et al.*,                          :      1:16-cv-3739 (ALC)
                                               :
                        Debtors.               :      **OPINION AND ORDER**
                                               :
------------------------------------------------------   x
TRILLIANT FUNDING, INC., as Plan               :
Administrator of Bozel S.A. and Bozel LLC,     :
                                               :
                        Appellant              :
                                               :
                   -against-                   :
                                               :
MICHEL MARENGERE,                              :
                                               :
                        Appellee.              :
                                               :
------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

This is an appeal by the Plan Administrator Trilliant Funding, Inc. ("Trilliant" or

"Appellant") from a Memorandum Decision Granting Motion to Dismiss (the "Decision")[1],

issued April 14, 2016, and a corresponding Order, entered on May 17, 2016.   The bankruptcy

court dismissed the adversary proceeding instituted by Trilliant against Michel Marengere

("Marengere" OR "Appellee") for insufficient service of process.  For the reasons that follow,

the Court affirms the order dismissing the proceeding.

## BACKGROUND

Unless otherwise noted, the following facts are taken from Bankruptcy Judge Sean

Lane's Decision.  Bozel S.A. and Bozel LLC (together, the "Debtors") filed voluntary petitions

under Chapter 11 of the Bankruptcy Code.  On January 4, 2012, Trilliant, as Plan Administrator

---

[1] *In re Bozel, S.A.*, 549 B.R. 446 (Bankr. S.D.N.Y. 2016)

under the Bankruptcy Plan, brought suit against Marengere, a former executive of the Debtors. Trilliant sought damages based on Marengere's alleged misappropriation of the Debtors' assets.

On April 16, 2013, Trilliant filed an application seeking an extension of time to effectuate service of process with respect to a number of foreign defendants, including Marengere. Several documents in the bankruptcy proceedings indicated that Marengere resided at 29 Montee Du Golf, Lac Beauport, Quebec G3B 0K3 (the "Quebec Address"). A. 74-128.[2] In its application, Trilliant noted that the 120-day limitation set forth in Fed. R. Civ. P. 4(m) does not apply to service of individuals in a foreign country and thus "sought an extension with regard to these individual defendants to the extent that he might be able to make service upon them within this United States." A. 40-41. On May 2, 2013, the Court approved the application and extended the time to serve on any defendant not previously served by 180 days, setting a service deadline for October 29, 2013.

In a letter dated August 7, 2013, a process server hired by Trilliant reported that Marengere's wife resided at the Quebec Address but that the residence was "empty and for sale." In a report dated September 4, 2013, an investigator hired by Trilliant reported that "there was no movement on the property." At a conference held on December 13, 2013, Trilliant's counsel told the bankruptcy court that Marengere was "in Canada" and "actively evading service," but that he could eventually be located. A. 340-341. In the summer of 2014, Trilliant's counsel called Marengere's counsel, inquiring about Marengere's location. Marengere's counsel stated that he did not know where Marengere was or have any documents showing his location. Finally, Trilliant hired yet another investigator, who confirmed Marengere's residence at the Quebec Address. Trilliant then had Marengere served at the Quebec Address by the Canadian authorities on February 20, 2015.

---

[2] Refers to citations to the Appendix to Brief of Appellant.

On April 25, 2015, Marengere moved to dismiss the complaint based on insufficient service of process. Oral argument was held on July 28, 2015. The bankruptcy court dismissed the complaint, holding that "Trilliant's efforts at service and the resulting delay were not reasonable" and the resulting delay in service prejudiced Marengere. Decision, 549 B.R. at 450.

## STANDARD OF REVIEW

District courts have jurisdiction over appeals from final orders of the bankruptcy courts pursuant to 28 U.S.C. § 158(a). The bankruptcy court's decision to dismiss the complaint for untimely service of process is reviewed for abuse of discretion. *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Lynch v. City of New York*, 589 F.3d 94, 99 (2d Cir. 2009). This Court reviews the bankruptcy court's findings of fact under a clearly erroneous standard and reviews conclusions of law *de novo*. *In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007).

## DISCUSSION

Upon review of the record, this Court has determined that the bankruptcy court correctly applied the flexible due diligence standard and did not abuse its discretion in dismissing the proceeding for untimely service of process.

Rule 4(m) of the Federal Rules of Civil Procedure, made applicable through Fed. R. Bankr. P. 7004, allows 120 days to serve a defendant before dismissal of the action is required. Fed. R. Civ. P. 4(m).[3] However, the text of Rule 4(m) provides that the 120-day limit does not apply to service in a foreign country. *Id.*; *see Lozano v. Bosdet*, 693 F.3d 485, 488 (5th Cir.

---

[3] Amended in 2015, Rule 4(m) requires service within 90 days that the complaint is filed. However, because that amendment is not retroactive, the former 120-day rule controls here.

3

2012). In this Circuit, the foreign country exception to Rule 4(m) does not apply unless a plaintiff makes no attempt to begin service on a foreign defendant within 120 days. *See USHA (India), Ltd. v. Honeywell Int'l Inc.*, 421 F.3d 129, 133-34 (2d Cir. 2005); *see also Moreira v. Ministerio de Exonomia y Production de la Republica Argentina*, No. 10 Civ. 266 (LTS)(KNF), Order at 3 (S.D.N.Y. May 27, 2011) ("exemption from Rule 4(m) requires reasonable good faith effort by a plaintiff to serve the international defendant within 120 days").

When the foreign country exception does apply, the court "use[s] a flexible due diligence standard to determine whether service of process was timely." *Burda Media, Inc. v. Blumenberg*, No. 97 Civ. 7167(RWS), 2004 WL 1110419, at *5 (S.D.N.Y. May 18, 2004) (quoting *Travers Tool Co. v. Southern Overseas Express Line, Inc.*, 98 Civ. 8464, 2000 WL 194781, at *1 (S.D.N.Y. Feb. 17, 2000)), *aff'd*, 417 F.3d 292 (2d Cir. 2005). The plaintiff has the burden of proof in showing that it exercised due diligence in not timely serving the defendant. *See AIG Managed Market Neutral Fund v. Askin Capital Management, L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000). Under this standard, the court assesses the reasonableness of the plaintiff's efforts and the prejudice to the defendant from any delay. *Gordon v. Hunt*, 116 F.R.D. 313, 319 (S.D.N.Y. 1987) (citing *Lyell Theater Corp. v. Loews Corp.*, 682 F.2d 37, 42–43 (2d Cir. 1982)) ("A finding of lack of due diligence depended on two factors: first, whether the delay was 'unreasonable' or 'moderate or excusable,' and second, if the delay fell into the latter category, whether the delay in service had caused 'actual prejudice' to the defendant."); *see also In re Crysen/Montenay*, 166 B.R. 546, 553 (Bankr. S.D.N.Y. 1994); *U.S. ex rel Thomas v. Siemens AG*, 708 F. Supp. 2d 505, 522 (E.D. Penn. 2010); *Papst Licensing GMBH & Co. KG v. Sunonwealth Elec. Machine Ind. Co.*, 332 F. Supp. 2d 1142, 1151 (N.D. Ill. 2004).[4]

---

[4] Courts have observed that the "good cause" standard for delay in service of process and the "due diligence" standard are practically the same. *See Gordon v. Hunt*, 116 F.R.D. at 319; *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987).

Here, the foreign policy exception to 4(m) applies. Trilliant began the process of serving Marengere within the initial 120 days by requesting an extension of time for service of process and representing in the application that a process server or local agent was working on service. *See Nylok Corp v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005) (finding plaintiff attempted service when he hired a process server); *Moreira*, No. 10 Civ. 266, Order at 3 (contracting with process server constituted attempt at service). In *Burda Media*, the district court held that the foreign service exception applied because plaintiff attempted service domestically before requesting two extensions of the time limit to serve, where there was uncertainty surrounding whether service would take place domestically or internationally. 2004 WL 1110419, at *6. Similarly, Trilliant's request for an extension in light of that same uncertainty about the location of service constituted an attempt. *Id.* ("While [plaintiff] may have known the address of [defendant's home] since 1996, it does not follow that [plaintiff] knew that [defendant] would be present there at the time [plaintiff] sought to effect service."). Further, within the additional 180 day extension, there were additional steps taken to effectuate service: an international process server hired by Trilliant reported that Marengere was not at his residence and an investigatory firm was unable to report Marengere's physical location. Accordingly, in light of these initial good faith efforts to serve Marengere, the foreign country exception applies.

However, under the flexible due diligence standard, a plaintiff does not have unlimited time to serve a defendant in a foreign country. *See Yellowave Corp. v. Mana*, No. 00 Civ. 2267 SAS, 2000 WL 1508249, at *2 (S.D.N.Y. Oct. 11, 2000). Upon a *de novo* review of the record, there are lengthy delays where no specifics are provided about any service related activity after September 2013. Trilliant has advanced no explanations for these gaping periods of inactivity. The bankruptcy court found a delay of ten months after September 2013 before Trilliant spoke

with Marengere's counsel and then another five months before Defendant was located and served at the Quebec Address. Decision, 549 B.R. at 450. Even at the status conference on December 13, 2013, Trilliant did not specify what actions Trilliant was taking to locate and serve Appellee or provide any evidence that Marengere was purposely avoiding service. The bankruptcy court correctly noted that "where prior steps are taken to effectuate service on a foreign defendant . . . the failure to take further steps makes the subsequent passage of time unreasonable." Decision, at 450-451 (citing *Papst Licensing*, 332 F. Supp. 2d at 1151; *In re Crysen/Montenay*, 166 B.R. at 553.). Although the bankruptcy court put undue weight on Trilliant's failure to serve the defendant by October 21, 2013,[5] it found, and this Court agrees, that these subsequent delays and the effect of a twenty five month delay since of the filing of the complaint on Marengere precluded a finding of diligence.

## CONCLUSION

For the foregoing reasons, Memorandum Decision Granting Motion to Dismiss is hereby affirmed. Accordingly, this action is dismissed.

Dated:  July 25, 2017
      New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**

---

[5] The bankruptcy court misconstrued the Order to provide a deadline for foreign service. Decision, 549 B.R. at 450. "The interpretation of the text of a court order or judgment is considered a conclusion of law subject to *de novo* review." *United States v. Spallone*, 399 F.3d 415, 423 (2d Cir. 2005). "[A]n order will not be construed as going beyond the motion in pursuance of which the order was made, for a court is presumed not to intend to grant relief which was not demanded." *Id.* (quoting *Harrigan v. Mason & Winograd, Inc.*, 397 A.2d 514, 516 (R.I. 1979) (internal citations omitted)). Here, Trilliant's application to extend time for service made clear that the requested relief was for potential domestic service of Marengere and thus the Order established a deadline for effecting service of him in the United States. Despite no hard deadline on foreign service, Trilliant was still obligated to inform the bankruptcy court of its specific efforts, if any, to locate and serve Marengere.